1  **BRYAN CAVE LLP**
   Robert E. Boone III (California Bar No. 132780)
2  reboone@bryancave.com
   Sarah Burwick (California Bar No. 267263)
3  sarah.burwick@bryancave.com
   120 Broadway, Suite 300
4  Santa Monica, CA 90401-2386
   Telephone:  (310) 576-2100
5  Facsimile:   (310) 576-2200

6  Attorneys for Defendant
   GILSTER-MARY LEE CORPORATION
7

8

9  **UNITED STATES DISTRICT COURT**

10  **CENTRAL DISTRICT OF CALIFORNIA**

11

| DAVID GREENSTEIN, | Case No. 2:17-cv-6928 |
|---|---|
| Plaintiff, | (Los Angeles Superior Court Case No. LC105994) |
| v. | **DECLARATION OF TOM WELGE IN SUPPORT OF NOTICE OF REMOVAL** |
| GILSTER-MARY LEE CORPORATION; and DOES 1–5, | |
| Defendants. | Complaint Filed:  July 28, 2017<br>Complaint Served: August 22, 2017 |

DECLARATION IN SUPPORT OF NOTICE OF REMOVAL

I, Tom Welge, declare as follows:

1. I am the Vice President, Technical Sales & General Counsel, for Defendant Gilster-Mary Lee Corporation ("GML"). I have held this position since 2002. I have been employed by GML since 1995. I make this declaration in support of GML's Notice of Removal. I have personal knowledge of the facts set forth herein. If called upon to testify, I could and would competently do so.

2. GML is a Missouri corporation. The company headquarters is located in Chester, Illinois, where I work.

3. My duties and responsibilities as Vice President, Technical Sales, include managing the distribution and sales of products in the GML brand and various private label brands, to retailers, food service operators, and U.S. military bases. I have knowledge of GML's distribution and sales of its Hospitality Raisin Bran, the product identified in the Complaint. A true and correct diagram of the packaging used for the Raisin Bran is attached hereto as **Exhibit A**.

4. I have access to GML's financial information, including revenue from the sales of the Hospitality Raisin Bran. GML sells the cereal nationwide in seven-ounce packages.

5. I understand Plaintiff David Greenstein ("Plaintiff") requests the Court to order GML to cease selling and advertising the Hospitality Raisin Bran in California.

6. If the Court were to grant the requested injunctive relief in this case, GML would lose the revenues from its sales of the Hospitality Raisin Bran in California for a minimum of four months, which is the least amount of time it would take for GML to prepare and test a new packaging design, have the packaging materials produced in sufficient quantities to restart production, and then restart production. GML's sales of the product in California are approximately $17,000 per month. Therefore, lost revenues for a four-month period total $68,000.

7. GML would also incur expenses to recall the existing product from the

shelves of retailers, including but not limited to providing notice to retailers of the recall, and the costs for labor, transportation, repurchasing product from retailers, destroying the repurchased product, and redesigning and implementing the new packaging, and the incremental per unit cost of the redesigned package that cannot be recaptured right away because the product is extremely price-sensitive.  I estimate these expenses will total more than $222,000.

8. My estimates do not include the potential cost of replacing production line equipment necessary to package the product.  If the new packaging design were to require an equipment change, I estimate that would cost at least an additional $500,000.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 14th, 2017 in Chester, Illinois.

*/s/ Tom Welge*
Tom Welge

EXHIBIT A

EXHIBIT A

